```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
QYNASA DEVEAUX,                        :
                                       :
                    Plaintiff,         :      19cv9734 (DLC)
                                       :
          -v-                          :      OPINION AND ORDER
                                       :
SKECHERS USA, INC., BRANDON RICHARDSON,:
TROY BURKS, and WILMER SANCHEZ-REYES,  :
                                       :
                    Defendants.        :
                                       :
-------------------------------------- X
```

APPEARANCES

For the plaintiff:
Katherina Housos
Brittany Stevens
Phillips & Associates
45 Broadway, Ste. 620
New York, NY 10006
(212) 248-7431

For the defendants:
Eric Bruce Sigda
Greenberg Traurig, LLP
200 Park Ave.
New York, NY 10166
(212) 801-9200

DENISE COTE, District Judge:

    Plaintiff Qynasa Deveaux has brought this employment discrimination action against her former employer, Skechers USA, Inc. ("Skechers") and several of her supervisors at Skechers, Brandon Richardson, Troy Burks, and Wilmer Sanchez-Reyes (the "Individual Defendants") (together with Skechers, the "Defendants"), under Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000a et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"). Deveaux principally alleges that she suffered a reduction in hours after she informed Skechers of her pregnancy. The Defendants have moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. For the following reasons, the motion to dismiss is granted in part.

## **Background**

The following facts are taken from the complaint and assumed to be true for the purpose of addressing this motion. On November 9, 2017, Deveaux was hired as a sales associate at one of Skechers' New York branches. Skechers is a retailer of shoes. Her supervisors included Richardson, the store's scheduling manager; Burks, the store's general manager; and Sanchez-Reyes, a store manager. Deveaux alleges that each of these individuals had the power to hire and fire her.

From the time that Deveaux was hired until November 2019, Deveaux typically worked at least 40 hours every two weeks.[1] She worked schedules of approximately eight to nine hours on

---

[1] When Deveaux started at Skechers, she was paid $14 per hour. Around November 2018, her pay increased to $14.75 per hour, and increased again on December 31, 2018, to $15 per hour.

2

Saturdays, Sundays, Mondays, and/or Wednesdays, as well as Fridays from 3:00 pm to midnight.

In September 2018, Deveaux informed Burks that she was pregnant. Around this time, Deveaux also requested that she not be scheduled to work later than midnight. After this request was denied, Deveaux explained to Burks that she had swollen ankles from her pregnancy, which made the walk home difficult at this late hour. Burks informed her that he would not change her schedule and denied two more scheduling requests that she made.

After Burks denied her scheduling requests, on November 2, 2018, Deveaux called the Skechers Corporate Help Hotline. She informed an intake employee that her requests to not work the "closing shifts" had been denied and that she was being discriminated against based on her pregnancy. One week later, Deveaux received a call from a district manager for Skechers, who granted Deveaux's request to not remain at the store past midnight. Following this call, however, Skechers reduced her hours from 40 hours to 25 hours every two weeks. When, shortly thereafter, Deveaux complained to several managers, including Richardson, she was told that her complaints were unsubstantiated.

From January 8 to January 20, 2019, Skechers gave Deveaux no work at all, a schedule that it also imposed on two of Deveaux's pregnant co-workers. When Deveaux complained to

Richardson that she was not receiving hours, he attributed the schedule to the company's needs and her limited availability.

The complaint describes several incidents between September 2018 and January 2019, in which Deveaux's managers refused to accommodate her pregnancy or acted objectionably because of her pregnancy. For example, in September 2018, Richardson threatened to write her up because her face, which was affected by morning sickness, was not "appealing enough to customers." In October 2018, Burks asked Deveaux to provide a doctor's note if she were not comfortable picking up more than two boxes of shoes at the same time. On several occasions between November 2018 and January 2019, even though non-pregnant workers were permitted to take breaks whenever they wished, Richardson, Burks, and Sanchez-Reyes told Deveaux to wait to take her break. On multiple occasions during this same time period, Sanchez-Reyes interfered with her use of the restroom by knocking on the door. In January 2019, Sanchez-Reyes and Richardson threatened to write her up if she wore performance pants that were not within the store's dress code, even though she had previously received approval for this.

On February 1, 2019, Deveaux began paid maternity leave that was scheduled to end on May 14, 2019. On May 7, Deveaux informed Skechers that she had "no other choice" but to resign

effective May 14 due to the "pregnancy discrimination" and "retaliation she faced as a result of her complaints."

On May 10, 2019, Deveaux filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); she received a Notice of Right to Sue on October 4. On October 21, she filed this action alleging sex discrimination and retaliation claims under Title VII against Skechers, and under the NYSHRL and the NYCHRL against each of the Defendants. Deveaux also has alleged aiding and abetting claims under the NYSHRL and the NYCHRL against the Individual Defendants.

The Defendants moved to dismiss this action on January 15, 2020. An Order of January 16 set February 7 as the deadline for filing an amended complaint, and stated that it was unlikely that Deveaux would have a further opportunity to amend. Deveaux declined that opportunity, and instead opposed the motion.[2] The motion became fully submitted on February 21.

## Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Geffner v. Coca-Cola

---

[2] Despite declining the opportunity to amend her complaint, in opposing the Defendants' motion to dismiss Deveaux has asserted constructive discharge and hostile workplace claims that were not brought in the complaint. This Court declines to address claims raised for the first time in an opposition brief.

5

Co., 928 F.3d 198, 199 (2d Cir. 2019) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Empire Merchants, LLC v. Reliable Churchill LLP, 902 F.3d 132, 139 (2d Cir. 2018). The plaintiff must plead enough facts to "nudge[ ] [her] claims across the line from conceivable to plausible . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

When a party moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P., a court must "constru[e] the complaint liberally, accept[ ] all factual allegations as true, and draw[ ] all reasonable inferences in the plaintiff's favor." Coal. for Competitive Elec., Dynergy Inc. v. Zibelman, 906 F.3d 41, 48-49 (2d Cir. 2018) (citation omitted).

I. Title VII and NYSHRL Discrimination

Skechers has moved to dismiss Deveaux's Title VII and NYSHRL discrimination claims. The Individual Defendants have moved to dismiss Deveaux's NYSHRL discrimination claims, as well

6

as her claims for aiding and abetting discrimination under the NYSHRL.

Title VII makes it unlawful for an employer to "fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII was amended by the Pregnancy Discrimination Act ("PDA") to enact Congress's determination that "discrimination based on a woman's pregnancy is, on its face, discrimination because of her sex." Newport News Shipbuilding & Dry Dock Co. v. EEOC, 462 U.S. 669, 684 (1983).

Claims brought under Title VII are "analyzed using the familiar burden-shifting scheme adopted by the Supreme Court in McDonnell Douglas Corp. v. Geren, 411 U.S. 792 (1973)." Walsh v. N.Y.C. Housing Auth., 828 F.3d 70, 75 (2d Cir. 2016) (citation omitted). To establish a prima facie case of discrimination, a Title VII plaintiff need only allege: "(1) that she is a member of a protected class, (2) that she was qualified for the position . . . , (3) that she suffered an adverse employment action, and (4) can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311

7

(2d Cir. 2015). The facts alleged in the complaint "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination"; instead, "[t]hey need only give plausible support to a minimal inference of discriminatory motivation." Id.

Discrimination claims brought under the NYSHRL are "analytically identical" to Title VII claims.[3] Lenzi v. Systemax, Inc., 944 F.3d 97, 107 n.7 (2d Cir. 2019). But, the NYSHRL allows for individual liability under certain circumstances. Pursuant to N.Y. Exec. Law § 296(1), individual liability may be imposed on an "employer" who "actually participates in the conduct giving rise to the discrimination." Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (citation omitted). An "employer" has been defined as "an individual who has an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by

---

[3] The NYSHRL was amended on August 19, 2019 to provide that its provisions should be construed liberally "regardless of whether federal civil rights law, including those laws with provisions worded comparably to the provisions of this article, have been so construed." NY Legis 160 (2019), 2019 Sess. Law News of N.Y. Ch. 160 (A. 8421). Although Deveaux notes the amendment, she does not argue that this statute should be applied retroactively. New York courts disfavor retroactive application of statutes. Gold v. New York Life Ins. Co., 730 F.3d 137, 143 (2d Cir. 2013). Because neither the text nor the legislative history of the statute mentions retroactivity, there is no "clear expression of the legislative purpose to justify a retroactive application" of the statute. Id.

8

others." Townsend v. Benjamin Enterprises, Inc., 679 F.3d 41, 57 (2d Cir. 2012) (citation omitted). Additionally, pursuant to the NYSHRL's aiding and abetting provision, N.Y. Exec. Law § 296(6), personal liability may be imposed on an individual who does not have such authority, but who also "actually participates in the conduct giving rise to the discrimination." Feingold, 366 F.3d at 158 (citation omitted).

Deveaux's Title VII and NYSHRL discrimination claims are challenged solely on the ground that Deveaux has not plausibly alleged that she suffered an adverse employment action. In opposing this motion, Deveaux argues that she has alleged multiple adverse actions, namely the reduction of her hours and the accumulation of objectionable and harassing actions by her supervisors.[4]

For purposes of a discrimination claim, an adverse employment action is a "materially adverse change in the terms and conditions of employment." Shultz v. Congregation Shearith Israel, 867 F.3d 298, 304 (2d Cir. 2017) (citation omitted).

> To be materially adverse a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits,

---

[4] In the complaint, Deveaux has not linked any of the allegations in the complaint to specific causes of action.

9

>significantly diminished material responsibilities, or other indices . . . unique to a particular situation.

Id.; see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 88 (2d Cir. 2015) (a material increase in responsibilities without additional compensation pleads an adverse employment action); Littlejohn, 795 F.3d at 312 n.10 (exclusion from meetings without more is not an adverse employment action; Brown v. City of Syracuse, 673 F.3d 141, 151 (2d Cir. 2012) (suspension with pay is not, without more, an adverse employment action, even when accompanied by loss of overtime opportunities); Terry v. Ashcroft, 336 F.3d 128, 144 (2d Cir. 2003) ("An internal transfer can be an adverse employment action if accompanied by a negative change in the terms and conditions of employment." (citation omitted)); Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002) (negative employment evaluation letters may be adverse employment actions).

Deveaux has plausibly alleged that Skechers undertook an adverse employment action against her. According to Deveaux, prior to calling Skechers Corporate Help Hotline and speaking with a district manager about accommodating her request to not work the closing shifts due to her pregnancy, Deveaux typically worked 40 hours biweekly. As alleged in the complaint, following this exchange, Deveaux's hours were reduced to 25

hours biweekly. This reduction in hours constitutes an adverse employment action.

Skechers largely ignores Deveaux's allegations concerning the reduction of her hours. To the extent that Skechers acknowledges those allegations, it argues that this reduction was the result of her limited availability for work. While Skechers is free to come forward with evidence establishing that its conduct was not motivated by discriminatory intent, Deveaux has succeeding in making out a prima facie case of discrimination sufficient to survive a motion to dismiss. See Littlejohn, 795 F.3d at 311.

Deveaux has not plausibly alleged that the Individuals Defendants may be held liable under the NYSHRL for this adverse employment action. Deveaux does not claim that the Individual Defendants participated in, or were responsible for, reducing her hours at Skechers. While Deveaux does allege that she made several complaints to Richardson about the reduction which he failed to remedy, she does not allege that he reduced her hours or participated in the modification of her hours. See Feingold, 366 F.3d at 158 (noting that defendant not only took no action to remedy complaint-worthy behavior, but also terminated the plaintiff's employment). The Individual Defendants therefore are not liable, either as employers or aiders and abettors, for Skechers' decision to reduce Deveaux's hours.

11

None of the other conduct described in the complaint, which is conduct in which the Individual Defendants did participate, constitutes adverse employment actions. These incidents do not, for example, involve a loss of title, pay, benefits, responsibilities or their equivalent.

II. NYCHRL Discrimination

Skechers has moved to dismiss Deveaux's discrimination claim under the NYCHRL. The Individual Defendants also have moved to dismiss Deveaux's NYCHRL discrimination claim, as well as her claim for aiding and abetting discrimination under the NYCHRL.

Claims brought under the NYCHRL are analyzed using the same framework as Title VII and NYSHRL claims, Leibowitz v. Cornell Univ., 584 F.3d 487, 498 n. 1 (2d Cir. 2009), but "must be viewed independently from and more liberally than their federal and state counterparts." Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (citation omitted). The NYCHLR does not require that a plaintiff prove an adverse employment action. Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). Rather, "the plaintiff need only show differential treatment -- that she is treated 'less well' -- because of a discriminatory intent." Id. at 110 (citation omitted). Nonetheless, while "the challenged conduct need not even be 'tangible' (like hiring or firing)," the NYCHRL

is not a "general civility code." Id. at 109-113 (citation omitted).[5] "Thus, courts may still dismiss truly insubstantial cases." Id. (citation omitted).

Like the NYSHRL, the NYCHRL allows for individual liability. In addition to providing for aiding and abetting liability, N.Y.C. Admin. Code § 8-107(6), the NYCHRL permits direct liability for employment discrimination not only against the employer, but also against "an employee or agent thereof." Id. § 8-107(1)(a). "Employees may be held personally liable under . . . the NYCHRL if they participate in the conduct giving rise to a discrimination claim." Feingold, 366 F.3d at 158-59 (citation omitted).

Deveaux's claim under the NYCHRL for reducing her hours survives against Skechers. Again, the complaint does not plead a claim of individual liability against any of the Individual Defendants for that decision.

The only other actions taken against Deveaux that, under the statute's liberal differential treatment standard, survive are the claims that she was not allowed the same freedom as non-pregnant employees in deciding when to take her breaks, that she was not given the same freedom to use the restroom without

---

[5] An affirmative defense is available to avoid liability for conduct that "a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'" Mihalik, 715 F.3d at 111 (citation omitted).

interruption or harassment, and that her work schedule was not adjusted despite her repeated requests.[6]  The NYCHRL gives rise to liability where employees are treated "less well" for discriminatory reasons.  Thus, the NYCHRL discrimination claims in connection with the restrictions placed on Deveaux's breaks survive as to all of the Individual Defendants; the NYCHRL discrimination claim for interfering with Deveaux's use of the restroom survives as to Sanchez-Reyes; and the NYCHRL discrimination claim for refusing to adjust her work schedule survives as to Burks.

The other conduct in which Deveaux alleges the Individual Defendants participated, however, does not give rise to liability under the NYCHRL.  This conduct includes the following claims.  It includes the claims against Richardson for telling her on one occasion that her face was not "appealing" enough, requesting on another occasion that she follow the store's dress code, and responding "coldly" when she complained that Skechers gave her no work for two weeks in January 2019.  It includes the claim against Burks for asking Deveaux on one occasion to provide a doctor's note if she could carry no more than two shoeboxes.  Finally, it includes the claims against Sanchez-

---

[6] The complaint implies that the managers were more flexible in responding to non-pregnant employee requests for scheduling accommodations.

Reyes for requesting on one occasion that she follow the store's dress code.

## III. Title VII and NYSHRL Retaliation

Deveaux has alleged that the Defendants are liable for retaliation because, in response to complaints she made to the Skechers Corporate Help Hotline and the Individual Defendants about discriminatory and harassing conduct, Skechers reduced her hours and removed her from the work calendar in January 2019. Skechers has moved to dismiss Deveaux's Title VII and NYSHRL retaliation claims. The Individual Defendants have moved to dismiss Deveaux's NYSHRL retaliation claim, as well as her claim for aiding and abetting retaliation under the NYSHRL.

Title VII makes it unlawful for an employer "to discriminate against any employee or applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII investigation or proceeding." Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (citation omitted). Courts in this Circuit analyze Title VII retaliation claims -- like discrimination claims -- under the burden-shifting standard set out in McDonnell Douglas, 411 U.S. at 802. Summa v. Hofstra Univ., 708 F.3d 115, 125 (2d Cir. 2013). To establish a prima facie case of retaliation under Title VII, a plaintiff must show "(1) she engaged in protected activity; (2) the employer was

15

aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (citation omitted).

"Retaliation claims under the [NYSHRL] are generally governed by the same standards as federal claims under Title VII." Rivera v. Rochester Genesee Regional. Trans. Authority, 743 F.3d 11, 25 n.8 (2d Cir. 2014) (citation omitted). As with discrimination claims, an individual may be held personally liable for participating in retaliatory conduct under the NYSHRL, both in an employer and aiding and abetting capacity. See Feingold, 366 F.3d at 157-59; Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995).

Deveaux's Title VII and NYSHRL retaliation claims are challenged solely on the ground that she failed to adequately plead a materially adverse action. In the retaliation context, a materially adverse action is one that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Rivera v. Rochester Genesee Regional. Trans. Authority, 743 F.3d 11, 25 (2d Cir. 2014) (citation omitted). This standard is broader than that which is applied under the substantive antidiscrimination provision of Title VII, and "extends beyond workplace-related or employment-related

retaliatory acts and harm." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006).

Deveaux's allegations that Skechers reduced her hours and later took her off the work calendar altogether give rise to a retaliation claim. Deveaux's retaliation claims against the Individual Defendants must be dismissed. Deveaux has not alleged that the Individual Defendants were responsible for or participated in Skechers' decisions to reduce her hours or take her off the work calendar in January 2019. As these are the only acts of retaliation alleged by Deveaux, her retaliation claims against the Individual Defendants do not survive.

## IV. NYCHRL Retaliation

Under the NYCHRL, the retaliation inquiry is "broader than its federal [and state] counterpart[s]." Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010) (citation omitted). The NYCHRL prohibits "retaliation in any manner," and "the retaliation need not result in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment." Id. (quoting N.Y.C. Admin. Code § 8-107(7)). "Thus, to prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action."

Mihalik, 715 F.3d at 112.  Under the NYCHRL, individuals may be personally liable for engaging in retaliatory conduct either directly or as aiders and abettors.  See N.Y.C. Admin. Code § 8-107(1)(a) (direct liability for "employee[s]"); id. § 8-107(6) (liability for aiding and abetting).

Because Deveaux has stated a retaliation claim against Skechers under Title VII and the NYSHRL in connection with her reduced hours, her retaliation claim under the NYCHRL survives against Skechers for the same conduct.  Deveaux has not alleged, however, that the Individual Defendants participated in Skechers' decisions to reduce her hours or take her off the work calendar in January 2019.  As that is the only retaliatory conduct she has alleged, Deveaux has not stated a claim for retaliation under the NYCHRL against the Individual Defendants.

## Conclusion

The January 15, 2020 motion to dismiss is granted in part. All of the claims against Skechers with respect to its decision to reduce Deveaux's hours remain.  The claims against the Individual Defendants are dismissed with the following exception.  The motion to dismiss the NYCHRL discrimination claims against the Individual Defendants for delaying Deveaux's breaks, against Burks for refusing to adjust her work schedule,

18

and against Sanchez-Reyes for interfering with Deveaux's use of the restroom is denied.

Dated: New York, New York
April 9, 2020

                                             _____
                                                  DENISE COTE
                                          United States District Judge